JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant Walter Cockrell appeals from his conviction for aggravated burglary. For the reasons set forth below, we affirm.
 {¶ 2} On June 8, 2006, defendant was indicted in the instant matter pursuant to a five-count indictment. Counts One and Two charged defendant with aggravated burglary with firearm specifications and a notice of prior conviction and repeat violent offender specification. Count Three charged defendant with domestic violence with firearm specifications. Count Four charged defendant with resisting arrest, and Count Five charged him with having a weapon while under disability. Defendant was also indicted for other alleged offenses in case nos. CR-471364, CR-477775, and CR-481467. All four matters were set for trial on August 31, 2006. The record, as supplemented by the State of Ohio, further indicates that defendant and his trial counsel appeared in open court on August 31, 2006, and indicated that defendant wished to waive his right to a jury trial in all four matters. The court addressed defendant, and the written waiver was subsequently filed with the clerk of courts. *Page 3 
 {¶ 3} The instant case proceeded to a bench trial on September 6, 2006. The state's evidence demonstrated that, at approximately 6:00 a.m. on May 26, 2006, defendant came to Sheila Stone's apartment. Defendant's former girlfriend, Carolyn Mauldin, nicknamed "Sunday," and a second individual, Godfrey Brooks, were staying at Stone's apartment. Defendant demanded to see Sunday and pushed his way inside. He threatened Stone and attacked Mauldin, throwing her to the floor and kicking her. Brooks removed defendant from the apartment and closed and locked the door. Defendant returned and began to kick in the door and threaten Mauldin and Stone. Stone told defendant that she was calling the police, and she, Mauldin and Brooks held the door shut. Defendant continued to kick in the door until he eventually broke the lock and gained entrance. Stone observed something in his pocket and believed that it was a gun.
 {¶ 4} According to Stone, someone identifying himself as defendant's nephew demanded that she write a letter supporting defendant in this matter, and she did so. Stone admitted that she suffers from paranoid schizophrenia.
 {¶ 5} CMHA Officer Eric Rives responded to the scene and observed defendant and another man in the hallway of the building, and defendant was beating on the door of one of the units. The men fled and defendant handed an object to the other man. Rives apprehended defendant and arrested him. According to Rives, defendant appeared intoxicated and struggled and tried to break away as he was being handcuffed. He reportedly told the officer that he did not have a gun. *Page 4 
Rives observed damage to the door. He spoke to Mauldin who indicated that defendant assaulted her and kicked her in the stomach. She appeared to have bruising under her eye.
 {¶ 6} Cleveland Police Det. Gregory Cook testified that defendant admitted to him that he kicked in the door because he wanted to get in to change his clothes. Defendant indicated that he lived with Mauldin and that she was his girlfriend. A the close of the state's case, the trial court acquitted defendant of Counts Two, Four and Five of the indictment, as well as the firearm specifications.
 {¶ 7} The trial court then convicted defendant of the remaining count of aggravated burglary and acquitted him of the domestic violence charge. The court sentenced defendant to three years of imprisonment, plus post-release control. Defendant now appeals and assigns two errors for our review.
 {¶ 8} Defendant's first assignment of error states:
 {¶ 9} "The trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 {¶ 10} Pursuant to Crim.R. 29, a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. A Crim.R. 29(A) motion for acquittal "should be granted only where reasonable minds could not fail to find reasonable doubt." State v. *Page 5 Apanovitch (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394; State v.Jordan, Cuyahoga App. Nos. 79469 and 79470, 2002-Ohio-590.
 {¶ 11} The standard for a Rule 29 motion is virtually identical to that employed in testing the sufficiency of the evidence. State v.Turner, Franklin App. No. 04AP-364, 2004-Ohio-6609, citing State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Thompkins, supra.
 {¶ 12} The essential elements of aggravated burglary as alleged herein are set forth in R.C.2911.11 as follows:
 {¶ 13} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * * with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 14} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another."
 {¶ 15} In this matter, defendant asserts that there is no proof that he entered the structure and attempted to commit an offense. The state's evidence established, however, that defendant pushed his way into the apartment, threatened Stone and *Page 6 
attacked Maudlin. Brooks then removed defendant from the apartment and locked the door, but defendant kicked in the door until he broke the lock and again gained entrance. This evidence, if believed, clearly establishes that defendant forcefully entered the structure to assault Mauldin and therefore establishes the offense of aggravated burglary. The trial court did not err in denying defendant's motion for a judgment of acquittal as to this offense. This assignment of error is without merit.
 {¶ 16} Defendant's second assignment of error states:
 {¶ 17} "Appellant's conviction is against the manifest weight of the evidence."
 {¶ 18} In State v. Thompkins, supra, the court illuminated its test for manifest weight of the evidence as follows:
 {¶ 19} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [trier of fact] that the party having the burden of proof will be entitled to their verdict if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Black's [Law Dictionary (6 Ed.1990)], at 1594."
 {¶ 20} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id., citingTibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, *Page 7 72 L.Ed.2d 652, 663. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721.
 {¶ 21} Defendant maintains that there is no evidence that he attempted to enter the apartment with the purpose to commit an offense. We do not agree as the evidence demonstrated that defendant forcefully entered the apartment, threatened Stone, and attacked Mauldin, throwing her to the floor and kicking her. He was removed from the apartment but immediately returned and began to kick in the door and threaten Mauldin and Stone. Defendant continued to kick in the door until he eventually broke the lock and gained entrance. Officer Rives corroborated that the door was damaged, the women were upset, and that Mauldin reported being assaulted and had bruising under her eye. The state's evidence was credible and corroborated and established that defendant committed the offense of aggravated burglary. Defendant presented no witnesses on his behalf. From the foregoing, the court did not lose its way in convicting defendant of aggravated burglary. This assignment of error is without merit.
Affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 8 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, A.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1